

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:97-CR-16(2)** |
| | § | |
| **MICHAEL TYRE NOBLES** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Michael Tyre Nobles, violated conditions of supervised release imposed by United States District Judge Thad Heartfield of the Eastern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release [Clerk's doc. #182]. The Court conducted a hearing on September 14, 2011, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On October, 23, 1997, the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced Defendant after a jury found him guilty on the offenses of Conspiracy to Commit Carjacking, Conspiracy to Use a Firearm During and in Relation to a Carjacking, and Carjacking, Class D, C, and B felonies, respectively. Judge Heartfield sentenced the defendant to a total of 360 months imprisonment to be followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include pay financial penalty, access to financial information, no new credit, and the defendant shall notify the Court of any change in his economic circumstances that might effect his ability to pay restitution.

On May 8, 2009, Judge Heartfield issued an amended judgment in which Mr. Nobles' sentence was reduced to 192 months imprisonment, via Rule 35(b), with all previously ordered

conditions of supervision remaining in effect. Finally, on June 16, 2010, Judge Heartfield issued another amended judgment in which he reduced Nobles' sentence to 12 months total imprisonment based on a Federal Rule of Criminal Procedure 35(b) change in circumstances, with all previously ordered conditions of supervision remaining in effect.

On June 18, 2010, Michael Tyre Nobles completed his period of imprisonment and began service of the supervision term. On July 7, 2010, the Court modified Mr. Nobles' conditions of supervised release to include any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider, and participation in a program of testing and treatment for drug abuse.

**B. Allegations in Petition**

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.*

Specifically, Mr. Nobles was sentenced to pay $9,351.82 in restitution and a $300 fine. Mr. Nobles failed to make a payment for April, June, July, and August 2011. He has a balance of $6,561.82.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would proffer evidence establishing that as part of his criminal conviction and conditions of supervised released, Nobles was ordered to pay restitution in this case. The evidence and testimony would further show that Nobles failed to make restitution

payments for the months of April, June, July and August 2011 and he has a restitution balance of $6,561.82.

Defendant, Michael Tyre Nobles, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that failed to make restitution payments in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by failing to make restitution payments as directed. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2); 18 U.S.C. § 3583(g).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from eight (8) to fourteen (14) months. *See* U.S.S.G. § 7B1.4(a). Because the original offenses of conviction were Class B, Class C and Class D felonies, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed

upon revocation of supervised release. *Id.* Because the original offenses of conviction were a Class B, C, and D felony, respectively, the maximum term of supervised release that may be imposed in this revocation proceeding is not more than five years, less any term of imprisonment imposed for the revocation. 18 U.S.C. § 3583(b); *see also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he failed to make restitution payments in violation of his supervision conditions. Mr. Nobles voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing.*

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **eight (8) months imprisonment**.

The Court further recommends that, upon his release from prison, Mr. Nobles should be sentenced to a new term of **supervised release for two (2) years.** The Court also recommends that during his term of supervised release, the defendant serve a period of 90 days in a halfway house or community corrections component. Accordingly, the new term of supervision should be subject to the following conditions:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

It is further ordered that the defendant is to pay restitution totaling $6,561.82 to the victims; Brian Rogers, Farmers Insurance Company, and Blue Cross and Blue Shield. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the

unpaid restitution balance within 15 days of receipt.  Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, # 287, Tyler, Texas 75701.  Interest is waived.

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his restitution payments.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The defendant shall reside in a residential reentry center or similar facility for a period of ninety (90) days to commence upon release from confinement and shall observe the rules of that facility."

# OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of September, 2011.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE