IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:97-CR-16-2 |
| | § | |
| MICHAEL TYRE NOBLES | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 30, 2012, alleging that the Defendant, Michael Tyre Nobles, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on October 23, 1997, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after being found guilty of the offense of conspiracy to commit carjacking, conspiracy to use a firearm during and in relation to a carjacking, and carjacking (Class D, C, and B felonies, respectively). The offenses carried a statutory maximum imprisonment term of 5, 20, and 25 years, respectively. The guideline imprisonment range, based on a total offense level of 36 and a criminal history category of VI, was 324 to 405 months. The Defendant was sentenced to 360 months' imprisonment, which was followed by a five-year term of supervised release, subject to the standard conditions of release, plus

special conditions to include: pay financial penalty, access to financial information, no new credit, and that defendant shall notify the Court of any change in his economic circumstances that might affect his ability to pay restitution. In an amended judgment issued on May 7, 2009, the Defendant's sentence was reduced to 192 months' imprisonment, via Rule 35 (b), with all previously ordered conditions of supervision remaining in effect. Again on June 16, 2010, Nobles' sentence was reduced to 12 months' imprisonment, via Rule 35(b), with all previously ordered conditions of supervision remaining in effect.

## II. The Period of Supervision

On June 18, 2010, the Defendant completed his period of imprisonment and began service of his supervision term. On July 7, 2010, the Court modified Nobles' conditions of supervised release to include any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider, and participation in a program of testing and treatment for drug abuse. On October 17, 2011, Nobles supervised release was revoked for violation of a mandatory condition, and he was sentenced to a period of 8 months' imprisonment, to be followed by a 2-year term of supervised release. However, he was released from the Bureau of Prisons on November 4, 2011 due to his 2,524 days of over-served time with the BOP.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision alleging that the Defendant violated a mandatory condition of supervision by submitting a positive urinalysis on December 8, 2011 and January 10, 2012, and failing to refrain from any unlawful use of a controlled substance.

## IV. Proceedings

On February 2, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation, which asserted that he violated a condition of supervised release, to wit: "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer."

The parties agreed the court should revoke the Defendant's supervised release and impose a sentence of nine (9) months' imprisonment, with no term of supervised release to be imposed thereafter.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by submitting a positive urinalysis on December 8, 2011, and January 10, 2012, and failing to refrain from any unlawful use of a controlled substance, the Defendant will be guilty of committing a Grade C violation and the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by submitting positive urinalysis on December 8, 2011 and January 10, 2012, and by failing to refrain from any unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a nine (9) month term of incarceration.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the

defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by the same statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The undersigned finds that the nine month term of imprisonment is adequate, and does not recommend a term of supervised release.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by submitting a positive urinalysis on December 8, 2011 and January 10, 2012, and failing to refrain from any unlawful use of a controlled substance.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583;

3. The Defendant should be sentenced to a term of imprisonment of nine (9) months, with no term of supervised release thereafter; and

4. The Defendant is further ordered to pay restitution in the amount of $6,561.82 to Brian Rogers, Farmers Insurance Company, and Blue Cross and Blue Shield. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, PO Box 570, Tyler, Texas, 75710.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 5th day of February, 2012.

_____
Zack Hawthorn
United States Magistrate Judge